STATE OF NORTH CAROLINA v. KESTER WAITS BUCHANAN

No. 7425SC390

(Filed 19 June 1974)

1. **Criminal Law § 64— opinion testimony as to intoxication — admission proper**

    Defendant was not prejudiced by the admission of an officer's opinion testimony as to whether defendant had drunk a sufficient quantity of intoxicating beverage to cause him to lose normal control of his bodily or mental faculties.

2. **Criminal Law § 97— introduction of additional evidence — cross-examination of witness denied — no error**

    The trial court did not abuse its discretion in allowing the State to reopen its case to present additional evidence as to whether defendant's condition resulted from injuries he received in an accident or from his having drunk intoxicating beverages, nor did the court err in refusing to allow defendant to recall a State's witness for cross-examination.

3. **Arrest and Bail § 3; Automobiles § 125— drunken driving — legality of warrantless arrest**

    Defendant in this drunken driving case was not entitled to nonsuit based on the illegality of his arrest where the evidence tended to show that he was seated under the wheel of his car when an officer approached him, defendant stated that he had been driving and that he did not want to take the breathalyzer test because he had been drinking for two days, and a warrant for drunken driving was issued on the date of the occurrence based upon the affidavit of the arresting officer.

APPEAL by defendant from *Winner, Judge,* 25 October 1973 Session, Superior Court, BURKE County. Heard in the Court of Appeals 23 April 1974.

In District Court, defendant was tried for and convicted of driving under the influence of intoxicating liquor and public drunkenness. On appeal to Superior Court, the public drunkenness charge was nonsuited at the close of the State's evidence, and defendant was convicted by the jury of driving under the influence. From judgment entered on the verdict, he appealed.

*Attorney General Morgan, by Associate Attorney Wallace, for the State.*

*Hatcher, Sitton and Powell, by Steve B. Settlemeyer, for defendant appellant.*

MORRIS, Judge.

[1] Defendant first contends that the trial court erred when it allowed certain evidence in "over defendant's objection." The solicitor had asked the officer whether he had an opinion satisfactory to himself whether on the occasion in question the defendant had drunk a sufficient quantity of intoxicating beverages to cause him to lose "the normal control of his bodily or mental faculties or both to such an extent that there was an appreciable impairment of either or both of these faculties." The court overruled defendant's objection to the question and also his objection to the question "What is your opinion?" The witness answered the question and there was no motion to strike the answer. Defendant concedes the question was in proper form, but, on appeal, raises objection to the answer because it did not "conform to the definition" and was, therefore, not responsive. Even had defendant properly moved to strike the answer, as he should have done, *State v. Battle,* 267 N.C. 513, 148 S.E. 2d 599 (1966), the court's denial of his motion would not have constituted error.

[2] Defendant next contends that the court committed reversible error when it "directed" the State, after motion for nonsuit and argument thereon, to reopen its case and allow the arresting officer to testify whether in his opinion the condition the officer observed with respect to defendant was caused by injuries received by defendant or by his having drunk some intoxicating beverage. After the State rested, defendant again moved for judgment as of nonsuit, which was denied. He then requested permission to recall a State's witness for further cross-examination. The court refused to allow him to be recalled for cross-examination but agreed that defendant could call the witness as

State v. Buchanan

his own witness. This defendant did not desire to do. Defendant candidly concedes that the trial judge has wide discretion in allowing the reopening of a criminal case for the introduction of further evidence. This is within the discretion of the court even after both parties have rested and the jury has retired and commenced its deliberations. *State v. Shutt*, 279 N.C. 689, 185 S.E. 2d 206 (1971). Although defendant uses in his brief the word "directed," the record indicates that the court noted that there was a problem in the evidence in that the court could not see how the jury could be informed sufficiently to determine whether defendant was under the influence of an intoxicant or whether the injuries he had just sustained had caused the condition. There was no direct evidence of injury. However, there was evidence that defendant said he had a limp and that his car had hit a telephone pole which broke and fell over the grille of the car. There was also evidence that defendant told an officer that he did not receive a bump on the head, but that the officer did not ask defendant whether he received "bumps" on or about the chest. After defendant moved for judgment of nonsuit, and the court made its observation noted above, the court said "I am going to allow the State to re-open its case and ask that question; then I will rule on it." After the officer testified, the court denied defendant's motion. See *Miller v. Greenwood*, 218 N.C. 146, 150, 10 S.E. 2d 708 (1940), where after defendant moved for judgment as of nonsuit and the court allowed the motion, the court stated: "There is a serious defect in the record. If you want to re-open and introduce that the court will allow you to do so." Justice Barnhill (later C.J.) said for the Court that "[i]t is altogether discretionary with the presiding judge whether he will re-open the case and admit additional testimony after the conclusion of the evidence and even after the argument of counsel. (Citations omitted.) When the ends of justice require this may be done even after the jury has retired. (Citations omitted.)" *Id.* at 150. This same discretion extends and applies to defendant's request to recall a State's witness for cross-examination. The court was willing to allow defendant to reopen its case and call the witness as his witness. The defendant chose to retain his advantageous position in arguments to the jury. He had no right to have the regular order of calling witnesses and cross-examining them varied. 1 Stansbury, N. C. Evidence. Brandis Revision, Witness, § 24, p. 58. We are unable to say that the court abused its discretion in either ruling of which defendant complains.

[3] By his third assignment of error defendant urges that he was entitled to a judgment as of nonsuit because the evidence showed the arresting officer never observed the defendant driving a vehicle and never served him with a valid warrant charging him with drunken driving. It appears that defendant is contending that defendant was illegally arrested. It is axiomatic that "if a defendant is physically before the court on an accusatory pleading, . . . the invalidity of the original arrest is immaterial, even though reasonably raised, as regards the jurisdiction of the court to proceed with the case." *State v. Mobley*, 273 N.C. 471, 473, 160 S.E. 2d 334 (1968), quoting 21 Am. Jur. 2d, Criminal Law, § 380.

Here, the officer arrested defendant for public drunkenness, which charge was nol prossed in Superior Court. The defendant, who was seated under the steering wheel of his car when the officer drove up, stated that he was driving and on his way to Morganton and had left Valdese at one o'clock. Defendant further stated to the officer that he did not want to take the breathalyzer test because he had been drinking for two days and it might register too much. The record does not contain a warrant for public drunkenness but it does contain a warrant, proper in form, issued on the date of the occurrence by a magistrate, upon the affidavit of the officer who arrested defendant for public drunkenness, for driving under the influence. At no point at the trial of the cause did defendant raise any objection to the warrant other than that it did not charge a criminal offense, which objection was properly overruled and defendant did not except. The procedure followed by the officer was approved in *State v. Gaddy*, 14 N.C. App. 599, 188 S.E. 2d 745 (1972). This assignment of error is overruled.

Defendant does not assign error to any portion of the charge of the court, and it is not a part of the record.

We have considered all of defendant's contentions and find them to be without merit. Defendant received a fair and impartial trial, free from prejudicial error.

No error.

Judges CAMPBELL and VAUGHN concur.