STATE OF NORTH CAROLINA v. CHARLES CROSBY SPRINGS

No. 7519SC277

(Filed 6 August 1975)

**Automobiles § 3— driving while license revoked — instructions — driving on "public highway"**

In a prosecution for driving while license was revoked, the trial court erred in failing to require the jury to find beyond a reasonable doubt that defendant operated a vehicle "upon a public highway" while his operator's license was in a state of revocation. G.S. 20-28(a).

APPEAL by defendant from *Crissman, Judge*. Judgment entered 15 January 1975 in Superior Court, CABARRUS County. Heard in the Court of Appeals 10 June 1975.

Defendant was tried in the District Court of Cabarrus County on his plea of not guilty to a warrant charging him with operating a motor vehicle on a public street in the City of Concord on or about 11 May 1974 while his operator's license was revoked. Having been found guilty as charged, an appeal was taken to the Superior Court for a trial by jury. The jury found defendant guilty of driving while his license was revoked, and from judgment entered thereon defendant appealed.

*Attorney General Edmisten, by Associate Attorney Elisha H. Bunting, Jr., for the State.*

*Williams, Willeford, Boger & Grady, by Samuel F. Davis, Jr., for defendant appellant.*

MARTIN, Judge.

Defendant's motions to dismiss were properly denied.

Defendant further contends that in charging the jury the trial judge erred in failing to require the jury to find beyond a reasonable doubt that defendant operated a motor vehicle *upon a public highway* while his operator's license was in a state of revocation. This contention has merit.

In pertinent part, G.S. 20-28(a) provides:

"Any person whose operator's or chauffeur's license has been suspended or revoked other than permanently, as provided in this Chapter, who shall drive any motor vehicle

upon the highways of the State while such license is suspended or revoked shall be guilty of a misdemeanor. . . . "

To constitute a violation of G.S. 20-28(a) there must be (1) operation of a motor vehicle by a person (2) on a public highway (3) while his operator's license is suspended or revoked. *State v. Cook,* 272 N.C. 728, 158 S.E. 2d 820 (1968). For purposes of Chapter 20, a highway or street is defined as "[t]he entire width between property or right-of-way lines of every way or place of whatever nature, when any part thereof is open to the use of the public as a matter of right for the purposes of vehicular traffic." G.S. 20-4.01(13).

In order to find defendant guilty of violating G.S. 20-28(a), the jury must be satisfied beyond a reasonable doubt that the alleged offense took place upon a public highway. Failure to so instruct the jury was prejudicial error entitling defendant to a new trial. See, *State v. Harris,* 10 N.C. App. 553, 180 S.E. 2d 29 (1971).

New trial.

Judges BRITT and HEDRICK concur.