State v. Griggs

*Attorney General Edmisten, by Associate Attorney Robert P. Gruber, for the State.*

*James A. Simpson, for defendant appellant.*

VAUGHN, Judge.

---

STATE OF NORTH CAROLINA v. CHARLES HEYWARD GRIGGS

No. 7519SC481

(Filed 1 October 1975)

1. Automobiles § 127— drunken driving — sufficiency of evidence
    The evidence was sufficient for the jury in a prosecution for drunken driving where it tended to show that a highway patrolman

discovered defendant asleep on the front seat of a car parked partly on a public highway, defendant admitted to the patrolman that he had driven his car to that location and that after stopping the car he did not have anything to drink, defendant had the odor of alcohol on his breath, his eyes were bloodshot and watery, he was weaving and staggering, and he did not perform coordination tests satisfactorily, and defendant admitted at trial that he was drunk when arrested.

**2. Automobiles § 129— drunken driving — instructions — offense "upon a highway"**

    In a prosecution for drunken driving, the trial court erred in failing to require the jury to find beyond a reasonable doubt that the offense was committed "upon a highway."

APPEAL by defendant from *Crissman, Judge.* Judgment entered 15 January 1975 in Superior Court, CABARRUS County. Heard in the Court of Appeals 24 September 1975.

Defendant was charged in a warrant with operating a motor vehicle on 18 December 1974 on a public highway in Cabarrus County while under the influence of intoxicating liquor. After conviction in the District Court, he appealed to the Superior Court where he was tried de novo on his plea of not guilty.

The State's evidence showed: About 10:00 p.m. on 18 December 1974 Highway Patrol Officer Edwards found defendant lying down asleep on the front seat of a 1964 Chevrolet which was parked on Rural Paved Road 1594 with its two right side wheels on the shoulder of the road and the rest of the vehicle on the pavement. The motor was not running but the headlights were on high beam. No one else was in the vehicle. The patrolman had passed this location approximately twenty minutes earlier, and the car was not there at that time. When the patrolman returned, he found the car with defendant in it. The patrolman awakened the defendant, who then opened the door and got out. There was a strong odor of alcohol on his breath, he was weaving and leaning back against the car, and his eyes were bloodshot and watery. The patrolman placed defendant under arrest for public intoxication and read to him his constitutional rights under the Miranda decision. Defendant replied that he understood each of his rights and that he didn't need a lawyer. In response to questions from the patrolman, defendant stated that the vehicle belonged to him, that he was by himself, and that he was the driver. He told the officer that he stopped the car on the road because he was sleepy and that he did not have anything to drink after he stopped the car. When taken to jail, defendant

---

---

was wobbling and staggering and did not perform coordination tests satisfactorily. He refused to take a breathalyzer test.

The patrolman testified that Rural Paved Road 1594 is a public highway.

Defendant testified at his trial in Superior Court and admitted he was drunk but denied he was driving. He testified that his brother was with him.

The jury found defendant guilty, and from judgment imposing a six-month prison sentence, defendant appealed.

*Attorney General Edmisten by Associate Attorney David S. Crump for the State.*

*Williams, Willeford, Boger & Grady by Samuel F. Davis, Jr. for defendant appellant.*

PARKER, Judge.

[1]   There was ample evidence to warrant submitting the case to the jury. Not only was there strong circumstantial evidence that defendant drove his car upon the highway at a time when he was under the influence of intoxicating liquor, *see State v. Haddock,* 254 N.C. 162, 118 S.E. 2d 411 (1961), but there was here evidence that when arrested defendant admitted to the patrolman that he had driven his car to the location where it was found parked partly on the paved portion of the highway and that after stopping the car he did not have anything to drink. In his testimony at trial defendant admitted that when arrested he was drunk. There was no error in submitting the case to the jury.

[2]   However, for error in the charge there must be a new trial. The three elements of the offense with which defendant was charged are: (1) driving or operating a vehicle, (2) upon a highway (or public vehicular area) within this State, (3) while under the influence of intoxicating liquor. G.S. 20-138(a); *State v. Kellum,* 273 N.C. 348, 160 S.E. 2d 76 (1968); *State v. Haddock, supra.* In charging the jury, the trial judge failed to require the jury to find beyond a reasonable doubt that the offense in this case was committed *upon a highway.* Failure to so instruct the jury was prejudicial error entitling defendant to

a new trial. *See State v. Springs,* 26 N.C. App. 757, 217 S.E. 2d 200 (1975).

New trial.

Judges BRITT and CLARK concur.