IN THE MATTER OF THE DRIVER'S LICENSE OF LEWIS PINYATELLO

No. 778SC645

(Filed 6 June 1978)

1. **Arrest and Bail § 3.8— driving under the influence—no observation by officer—probable cause for arrest**

    The arresting officer had probable cause to arrest petitioner for the misdemeanor of driving under the influence, G.S. 20-138, committed outside the officer's presence, since the officer arrived at the scene of the collision in response to a call; he was the only officer on the scene; petitioner, who smelled of alcohol and was unsteady on his feet, told the officer that he was the driver of one of the cars involved in the collision; and the officer had probable cause to believe that petitioner, if left at the scene, might drive his car away and thereby injure himself or others or damage property. Hence, petitioner's contention that his arrest was illegal and that evidence related to the attempted administration of a breathalyzer test should therefore be excluded is without merit. G.S. 15A-401(b)(2)b2.

2. **Automobiles § 126.3— breathalyzer test—pretended cooperation—refusal to take test—sufficiency of evidence**

    Evidence was sufficient to support the trial court's finding that petitioner intentionally refused to take a breathalyzer test where it tended to show that a qualified breathalyzer operator demonstrated to petitioner how he should blow into the mouthpiece; petitioner's jaws were puffed up but no air was com-

In re Pinyatello

ing through the machine because petitioner was only pretending to blow; and petitioner was warned that the breathalyzer operator would have to report a refusal to take the test if petitioner did not in fact blow into the mouthpiece.

APPEAL by petitioner from *Smith (David I.), Judge.* Judgment entered 11 March 1977 in Superior Court, WAYNE County. Heard in the Court of Appeals 3 May 1978.

Petitioner sought review in the Superior Court of the Department of Motor Vehicles' order revoking his license for wilful refusal to take the breathalyzer test.

At hearing, petitioner testified that he had collided with a car, that he requested the police be called, that the officer told him he was suspected of drinking. He was not asked to take the breathalyzer test until he was in custody. He was read his rights. After talking to his attorney, he accepted the test and blew as hard as he could, but the machine did not register. He testified that he had been taking valium. Under cross-examination he testified that he had had about one small drink and that he had never taken tranquilizers, just "medication." On two prior occasions he had been asked to take the breathalyzer test, had refused once and failed once, but had never lost his license. Respondent's evidence tended to show that the officer investigating the accident noticed "a strong odor of alcohol about Mr. Pinyatello's person and he was unsteady on his feet when he walked. He swayed when he was in a stationary position." He was placed under arrest for driving under the influence of alcohol and for driving with an expired license. Pinyatello never blew sufficient air into the machine for it to work although he made four or five attempts. He refused to sign the breathalyzer officer's report that he had refused the test. The breathalyzer officer testified that the machine was working and that Pinyatello never blew enough air into the sample chamber to cause the green light to register, that he warned Pinyatello that he would have to report that Pinyatello had refused the test but that he still did not blow properly. The officer testified that Pinyatello told him before the third try that he had been taking medicine and was unable to blow, that Pinyatello fully understood his "breathalyzer" rights and that, in his opinion, Pinyatello was physically capable of blowing a sufficient quantity of air into the machine.

The trial court found that the arrest of petitioner was reasonable, that G.S. 20-16.2(a) had been fully complied with, but that the petitioner, "without just cause or excuse, voluntarily, understandingly and intentionally refused to submit to" the breathalyzer test. The court concluded that petitioner had wilfully refused to take the test in violation of law and affirmed the order revoking his license, pursuant to G.S. 20-16.2. From this judgment, petitioner appeals.

*Attorney General Edmisten by Assistant Attorney General William B. Ray and Deputy Attorney General William W. Melvin for the State, appellee.*

*Barnes, Braswell & Haithcock by Gene Braswell and Michael A. Ellis for petitioner appellant.*

CLARK, Judge.

[1]   The petitioner contends that his arrest was illegal because the alleged violation of G.S. 20-138 was a misdemeanor, which was not committed in the presence of the arresting officer, and that, therefore, the evidence relating to the attempted administration of the breathalyzer test should be excluded.

G.S. 15A-401(b)(2), effective 1 July 1974, gives the officer broadened authority to arrest for crimes committed out of his presence. Prior to this statute North Carolina law limited arrest without a warrant for crimes not committed in the presence of the officer to felonies, when there was reasonable ground to believe that the person will evade arrest if not immediately taken into custody. See Official Commentary of the Criminal Code Commission following G.S. 15A-401.

The statute broadens the authority to include felonies generally and misdemeanors when the officer has probable cause to believe the person (1) has committed a misdemeanor and (2) will not be apprehended unless immediately arrested, or may cause physical injury to himself or others, or damage to property unless immediately arrested.

In the case *sub judice* the totality of the facts and circumstances surrounding the arrest and known to the arresting officer was sufficient to give him probable cause to believe that the

petitioner had operated a motor vehicle upon a public highway while under the influence of intoxicating liquor, in violation of G.S. 20-138. Officer Warrick went to the scene of the collision in response to a call. There he found that the collision occurred on a public street. While talking to the occupants of one vehicle, the petitioner approached and asserted that he had been operating the other vehicle. The officer detected a strong odor of alcohol about the person of the petitioner; his eyes were bloodshot; he was unsteady when walking and swaying when stationary.

It is apparent that the officer did not have probable cause to believe that petitioner would not be apprehended unless immediately arrested [G.S. 15A-401(b)(2)b1], but under the alternative provision [G.S. 15A-401(b)(2)b2] he had probable cause to believe that petitioner, if left at the scene while under the influence of intoxicating liquor, "may cause physical injury to himself or others, or damage to property unless immediately arrested." The evidence discloses that the arresting officer was the only officer present at the scene. There was no evidence that petitioner's vehicle was inoperable. If left at the scene while the officer left to obtain a warrant and without anyone in authority to control the petitioner by preventing him from operating his car or protecting him from traffic hazards on a public street, the officer had probable cause for believing that petitioner may cause injury to himself or others. We conclude that under the circumstances the arresting officer had probable cause to arrest the defendant for violation of G.S. 20-138 committed out of his presence.

Further, if, *arguendo*, the arrest was illegal because there was no probable cause to believe petitioner may cause physical injury or property damage, the officer had probable cause to believe that petitioner had violated G.S. 20-138, and thus the arrest was not unconstitutional. Too, G.S. 20-16.2(a) provides that administration of the breathalyzer test hinges solely upon the law enforcement officer having reasonable grounds to believe the person to have been operating a motor vehicle on the highway while under the influence of intoxicating liquor, and not upon the illegality of the arrest for that offense. *State v. Eubanks*, 283 N.C. 556, 196 S.E. 2d 706 (1973); *State v. Buchanan*, 22 N.C. App. 167, 205 S.E. 2d 782 (1974); 1 Strong's, N.C. Index 3d, Arrest and Bail, § 3.8.

[2] Nor do we find merit in petitioner's argument that the evidence was not sufficient to support the finding of the trial court that petitioner intentionally refused to take the breathalyzer test. It was stipulated that Officer Spears was a qualified breathalyzer operator. He demonstrated to petitioner how he wanted him to blow into the mouthpiece. He observed that petitioner's jaws were puffed up but no air was coming through the mouthpiece because sufficient air would cause the piston to hit the top of the its chamber and make a sound, the red light to go off and a green light come on. Petitioner told Spears he had been taking medicine and was unable to blow. The blowing procedure was repeated four times after petitioner was warned that Spears would have to report a refusal to take the test. The finding of the trial court was fully supported by the evidence, independent of any opinion testimony by the arresting officer and Spears that petitioner was only pretending to blow into the mouthpiece. In a trial before a judge without a jury the ordinary rules as to competency of evidence applied in a trial before a jury are to some extent relaxed, for the reason that the judge with knowledge of the law is able to eliminate that which is immaterial and incompetent, and to consider only that which tends properly to prove the facts to be found. 1 Stansbury, N.C. Evidence (Brandis Rev.) § 4a, p. 10. Since there was sufficient competent evidence to support the finding of the trial court, the finding is conclusive on appeal. *Gaston-Lincoln Transit, Inc. v. Maryland Casualty Co.*, 285 N.C. 541, 206 S.E. 2d 155 (1974).

The judgment appealed from is

Affirmed.

Chief Judge BROCK and Judge WEBB concur.