IN THE MATTER OF THE REVOCATION OF THE LICENSE OF ROBERT MORGAN GARDNER LICENSE NO. 4835030

No. 783SC263

(Filed 6 February 1979)

1. **Arrest and Bail § 3— warrantless arrest—when permissible**

Since the effective date of G.S. 15A-401(b)(2), a law enforcement officer is authorized to arrest for a felony not committed in his presence any person who he has probable cause to believe has committed the felony, and he is authorized to arrest for a misdemeanor not committed in his presence any person who he has probable cause to believe has committed the misdemeanor and who he also has probable cause to believe either (1) will not be apprehended unless immediately arrested, or (2) may cause physical injury to himself or others or damage to property unless immediately arrested.

2. **Arrest and Bail § 3.8— drunk driving—offense committed outside officer's presence—legality of warrantless arrest**

An officer had probable cause to arrest petitioner without a warrant for the misdemeanor of driving a vehicle on a highway while under the influence of intoxicating liquor committed outside the officer's presence where the officer knew by his own observation at the scene of an accident that petitioner was highly intoxicated, knew based on information given by a disinterested eyewitness to the accident that petitioner had only a short time previously driven his truck on the highway, and had reasonable cause to believe, in view of the well known propensity of intoxicated persons to engage in irrational and erratic behavior, that petitioner, if not immediately arrested, might again get into his truck and drive upon the highway.

3. **Automobiles § 2.4— refusal to take breathalyzer test—driving privileges revoked—legality of warrantless arrest immaterial**

Petitioner's driving privilege was properly revoked by the Division of Motor Vehicles because of his willful refusal to take a breathalyzer test, and this was so whether or not his warrantless arrest for driving under the influence was legal under G.S. 15A-401.

APPEAL by respondent, North Carolina Division of Motor Vehicles, from *Small, Judge.* Judgment dated 8 November 1977 entered in Superior Court, PITT County. Heard in the Court of Appeals 11 January 1979.

Petitioner's driving privilege was revoked for refusal to take a breathalyzer test. He sought and obtained the hearing provided for in G.S. 20-16.2(d). The hearing officer sustained the revocation. Petitioner then filed the petition in this case under G.S. 20-16.2(e) for hearing de novo in the Superior Court.

The facts, as disclosed by the evidence presented in the Superior Court, are not in dispute and may be summarized as follows:

On 5 August 1976 Trooper Wright of the North Carolina Highway Patrol was called to the scene of an accident on Rural Paved Road 1537. There, he observed a damaged motorcycle lying on the shoulder of the highway. He was informed by Johnny Speight, who had called the Highway Patrol to the scene, that Speight had seen the petitioner, Robert Morgan Gardner, drive a red Ford pick-up truck across the yellow line on the highway directly in front of the on-coming motorcycle, forcing the motorcyclist into the ditch. When Speight stopped to give assistance to the motorcyclist, he observed petitioner drive his truck into a nearby driveway and proceed to a house.

On receiving this information, Trooper Wright went to the house, which was some 200 to 300 yards from the scene of the accident. There he found the petitioner lying on the porch steps of the house, asleep or passed out. Speight told Wright that petitioner was the man he had seen operating the red truck. Trooper Wright detected a very strong odor of alcohol on petitioner's breath. Petitioner was falling down and staggering and his eyes were very red. In the officer's opinion, the petitioner was very much under the influence of alcohol.

Trooper Wright arrested petitioner for driving under the influence and took him to the Pitt County Jail, where he requested petitioner, in the presence of Trooper Brinson, to take the breathalyzer test. It was stipulated that Trooper Brinson was duly qualified and licensed to administer breathalyzer tests. Trooper Brinson informed petitioner, as required by G.S. 20-16.2(a), both verbally and in writing concerning his rights relative to the breathalyzer test. Petitioner refused to take the test.

At conclusion of the hearing in the Superior Court, the Court entered judgment making findings of fact, including the following:

> 5. Trooper Wright did not observe the Petitioner operating a motor vehicle and that therefore any offense committed by the Petitioner was committed out of the presence of the officer. There was no evidence offered that

the Petitioner would not be apprehended unless immediately arrested, nor was there any evidence that the Petitioner might cause physical injury to himself or to others, or damage to property, unless immediately arrested.

6. There was no danger that the Petitioner would not be apprehended unless immediately arrested and there was no reason to believe the Petitioner would cause physical injury to himself or others, or damage to property unless immediately arrested.

7. The Petitioner was not under lawful arrest, but was taken into custody by Trooper Wright.

On its findings of fact, the Court concluded that petitioner was not under lawful arrest when he was requested to submit to the breathalyzer test and, not being under lawful arrest, he had the right to refuse to take the test without becoming subject to the six months revocation of his driving privilege provided by G.S. 20-16.2(c).

From judgment reversing the action of the Division of Motor Vehicles revoking petitioner's driving privilege, respondent appeals.

*Attorney General Edmisten by Deputy Attorney General William W. Melvin and Assistant Attorney General Mary I. Murrill for respondent appellant.*

*No counsel for petitioner appellee.*

PARKER, Judge.

Appellant first contends that the court erred in ruling that the officer's warrantless arrest of petitioner under the circumstances disclosed by this record was unlawful. As pertinent to this question, G.S. 15A-401 provides:

G.S. 15A-401. Arrest by law-enforcement officer.—

\*   \*   \*

(b) Arrest by Officer Without a Warrant.—

\*   \*   \*

(2) Offense Out of Presence of Officer. —
An officer may arrest without a warrant any person
who the officer has probable cause to believe:

a. Has committed a felony; or

b. Has committed a misdemeanor, and:

    1. Will not be apprehended unless immediately ar-
rested, or

    2. May cause physicial injury to himself or others,
or damage to property unless immediately ar-
rested.

[1] As pointed out in the opinion in *In re Pinyatello*, 36 N.C.
App. 542, 245 S.E. 2d 185 (1978), this statute broadened the
authority of a law-enforcement officer to make a warrantless ar-
rest for crimes not committed in his presence. Before the effec-
tive date of this statute, a law enforcement officer in this State
had only limited authority to make a warrantless arrest for a
felony not committed in his presence and had no authority to
make a warrantless arrest for a misdemeanor not committed in
his presence unless he had reasonable ground to believe that the
person arrested had committed the misdemeanor in his presence.
See Ch. 58, 1955 Session Laws, rewriting former G.S. 15-41, now
repealed. Since the effective date of G.S. 15A-401(b)(2), a law en-
forcement officer is authorized to arrest for a felony not commit-
ted in his presence any person who he has probable cause to
believe has committed the felony, and he is authorized to arrest
for a misdemeanor not committed in his presence any person who
he has probable cause to believe has committed the misdemeanor
and who he also has probable cause to believe either (1) will not
be apprehended unless immediately arrested, or (2) may cause
physical injury to himself or others or damage to property unless
immediately arrested.

[2] The offense for which the officer arrested the petitioner
without a warrant in this case, driving a vehicle on a highway
while under the influence of intoxicating liquor in violation of G.S.
20-138(a), is a misdemeanor. G.S. 20-179. It was not committed in
the officer's presence. Based on his own observations at the scene
of the accident, the arresting officer knew the petitioner to be
highly intoxicated at the time the officer first saw him. Based on

information given him at the scene by a disinterested eye-witness to the accident, the officer had grounds to believe that only a short time previously the petitioner had driven his truck on the highway. Probable cause "may be based upon information given to the officer by another, the source of such information being reasonably reliable." *State v. Roberts*, 276 N.C. 98, 107, 171 S.E. 2d 440, 445 (1970). Thus, the arresting officer had information amply sufficient to provide him with probable cause to believe that petitioner had committed the misdemeanor for which the officer arrested him. The inquiry then becomes whether, as required by G.S. 15A-401(b)(2)b, the officer also had probable cause to believe either (1) that petitioner would not be apprehended unless immediately arrested, or (2) that petitioner might cause physical injury to himself or others or damage to property unless immediately arrested. The trial court found that the officer did not have probable cause to believe that either of these conditions existed and on that basis ruled the arrest illegal.

"Probable cause and 'reasonable ground to believe' are substantially equivalent terms." *State v. Harris*, 279 N.C. 307, 311, 182 S.E. 2d 364, 367 (1971). "The existence of 'probable cause,' justifying an arrest without a warrant, is determined by factual and practical considerations of every day life on which reasonable and prudent men, not legal technicians, act. It is a pragmatic question to be determined in each case in the light of the particular circumstances and the particular offense involved." 5 Am. Jur. 2d, Arrest, § 48, p. 740.

In determining whether probable cause exists in any particular case, it is the function of the trial court, if there be conflicting evidence, to find the relevant facts. Such factual findings, if supported by competent evidence, are binding on appeal. However, whether the facts so found by the trial court or shown by uncontradicted evidence are such as to establish probable cause in a particular case, is a question of law as to which the trial court's ruling may be reviewed on appeal. In the present case there was no conflict in the evidence and the trial court's findings numbers 5, 6, and 7, although contained in the portion of the judgment headed "Findings of Fact," constitute in large measure the trial court's conclusions of law on facts established by uncontradicted evidence. As such, these findings are subject to appellate review.

We agree with the trial court's finding in this case that "[t]here was no evidence offered that the Petitioner would not be apprehended unless immediately arrested." However, we do not agree with the trial court's conclusion that there was in this case "no reason to believe the Petitioner would cause physical injury to himself or others, or damage to property unless immediately arrested." It was a primary duty of the investigating officer, as a member of the State Highway Patrol, to take all reasonable precautions to protect the safety of persons and property lawfully on the highways. He had been called to the scene of an accident where one vehicle had already been damaged. He had information that petitioner had caused that damage. His own observations confirmed that petitioner was highly intoxicated. Although petitioner was "asleep or passed out" when he first saw him, as investigating officer it was proper for Trooper Wright to awaken the petitioner in order to question him. Once the petitioner had been thus aroused, in our opinion the officer did have reasonable cause to believe, in view of the well known propensity of intoxicated persons to engage in irrational and erratic behavior, that petitioner, if not immediately arrested, might again get into his truck and drive upon the highway. If the petitioner in his drunken condition had done so and an additional accident had resulted, Trooper Wright would have been justly subject to censure for failing to prevent it. In our view, under all of the facts and circumstances which the uncontradicted evidence shows were known by the officer, he had reasonable cause to believe that the petitioner might cause physical injury to himself or others or damage to property unless immediately arrested. If so, the arrest without a warrant was lawful under G.S. 15A-401(b)(2)b.2.

[3]  We do not, however, base our decision in this case upon a determination that the arrest was lawful under G.S. 15A-401. This is so because, even had the arrest not been made in compliance with our statute, the petitioner in this case could not willfully refuse to take the breathalyzer test without incurring the six months revocation of his license provided for by G.S. 20-16.2(c). "[A]n arrest may be constitutionally valid and yet 'illegal' under state law." *State v. Eubanks*, 283 N.C. 556, 560, 196 S.E. 2d 706, 708 (1973). As above noted, the arresting officer in the present case had ample information to provide him with probable cause to arrest petitioner for operating a motor vehicle upon a public

highway while under the influence of intoxicants. Therefore, the arrest was constitutionally valid, and no infringement of petitioner's constitutional rights are here involved. *State v. Eubanks, supra; State v. Gwaltney,* 31 N.C. App. 240, 228 S.E. 2d 764 (1976).

G.S. 20-16.2(a), the statute which specifies the circumstances under which a breathalyzer test may be required, directs that the test *"shall be administered at the request of a law-enforcement officer having reasonable grounds to believe the person to have been driving or operating a motor vehicle on a highway or public vehicular area while under the influence of intoxicating liquor."* (Emphasis added.) Referring to this language in the statute, Huskins, J., writing the opinion of the Supreme Court in *State v. Eubanks, supra,* said:

> It is apparent from the emphasized portion of the statute that administration of the breathalyzer test is not dependent upon the legality of the arrest but hinges solely upon "the . . . law-enforcement officer having reasonable grounds to believe the person to have been driving or operating a motor vehicle on a highway or public vehicular area while under the influence of intoxicating liquor.

283 N.C. at 561, 196 S.E. 2d at 709. Consistently with the Supreme Court's interpretation of subsection (a) of the statute, G.S. 20-16.2(d) contains the following:

> . . . [T]he scope of such hearing for the purpose of this section shall cover the issues of whether the law-enforcement officer had reasonable grounds to believe the person had been driving or operating a motor vehicle upon a highway or public vehicular area while under the influence of intoxicating liquor, whether the person was placed under arrest, and whether he willfully refused to submit to the test upon the request of the officer. Whether the person was informed of his rights under the provisions of G.S. 20-16.(a)(1), (2), (3), (4) shall be an issue.

It is significant that the subsection makes no reference to any question concerning the *legality* of the arrest as coming within the scope of the inquiry.

*State v. Eubanks, supra,* involved an appeal from a conviction for operating a motor vehicle on a public street or highway while under the influence of intoxicating liquor, and the opinion of the Court was concerned with the admissibility of evidence of the results of a breathalyzer test. In this connection, the Court said:

We hold that nothing in our law requires the exclusion of evidence obtained following an arrest which is constitutionally valid but illegal for failure to first obtain an arrest warrant.

283 N.C. at 560, 196 S.E. 2d at 709.

We are, of course, advertent to G.S. 15A-974(2), which became effective after the opinion in *State v. Eubanks, supra,* was written. That statute provides that upon timely motion, evidence must be suppressed if it is obtained as a result of a substantial violation of the provisions of G.S. Ch. 15A. In the present case we are not concerned with the admissibility or suppression of evidence. We are concerned only with whether the petitioner's driving privilege was properly revoked by the Division of Motor Vehicles under G.S. 20-16.2 because of his willful refusal to take a breathalyzer test. Petitioner could have avoided revocation of his license simply by taking the breathalyzer test. Only then would there have been any evidence to suppress. If petitioner had taken the test and had been of the opinion that thereby evidence against him had been obtained as result of an illegal arrest made in a manner which constituted a substantial violation of G.S. Ch. 15A, he could have preserved his right to raise that question by making a timely motion to suppress in any subsequent trial of the criminal charge against him. However, the question of the legality of his arrest, as distinguished from its constitutional validity, was simply not relevant to any issue presented in this proceeding, which is concerned solely with whether his driver's license was properly revoked for willful refusal to take the breathalyzer test.

We hold that petitioner's driving privilege was properly revoked by the Division of Motor Vehicles because of his willful refusal to take the test and that this is so whether or not his warrantless arrest was legal under G.S. 15A-401.

The judgment of the Superior Court is

Reversed.

Judges ARNOLD and WEBB concur.