STATE OF NORTH CAROLINA v. ROBERT FERNANDO SPENCER

No. 7919SC1083

(Filed 6 May 1980)

1. **Arrest and Bail § 3.8— warrantless arrest of drunk defendant—probable cause**

    An officer had probable cause to make a warrantless arrest of defendant where the officer observed defendant in a grocery store; there was an odor of alcohol about defendant and on his breath; his face was red and his eyes were watery; defendant mumbled and was swaying about in circles; and defendant's arrest was reasonable as well as in the best interest of both defendant and the public. G.S. 15A-401(b)(2).

2. **Criminal Law § 75.15— confession of drunk defendant—voluntariness**

    In a prosecution for driving under the influence, the trial court did not err in admitting defendant's confession made to a police officer where the court found that defendant was properly advised of his rights; he knowingly waived his rights; he pointed to or told the officer of the wreck and described the location where he had the wreck; his answers to the questions were free, voluntary, and not coerced by the officer; and the fact that defendant was intoxicated at the time of his confession did not require its exclusion.

**3. Automobiles § 126.4— breathalyzer operator's questioning of defendant —Miranda warnings not required**

In a prosecution for driving under the influence, the trial court did not err in allowing into evidence questions asked by the breathalyzer operator and defendant's answer as to whether defendant was operating the vehicle when it was involved in an accident, since the questioning did not affect the impartiality of the breathalyzer operator, and since the operator was not required to remind defendant of his *Miranda* rights, as the breathalyzer test did not constitute evidence of a testimonial nature.

**4. Criminal Law § 75.8— questioning one hour after Miranda warnings given— repetition of warning unnecessary**

The arresting officer was not required to advise defendant fully concerning his *Miranda* rights a second time before questioning defendant where the officer had read the *Miranda* warnings to defendant an hour earlier, and he advised defendant that his *Miranda* rights still pertained before he asked defendant questions.

**5. Automobiles § 127.1— driving under the influence— sufficiency of evidence**

Evidence was sufficient to be submitted to the jury in a prosecution for driving under the influence where it tended to show that defendant had been "nipping" all day; his breathalyzer test indicated a blood alcohol level of .23%; the fact that the test was given some time after the accident in question would indicate that defendant was less intoxicated than at the time of the accident; defendant testified that he had been driving; the car belonged to defendant's wife; and defendant testified that he did not see the mail truck he ran into.

APPEAL by defendant from *Wood, Judge.* Judgment entered 28 June 1979 in Superior Court, ROWAN County. Heard in the Court of Appeals 28 March 1980.

Defendant appeals from conviction of driving a motor vehicle on a public street in the City of Salisbury on 16 December 1978 while under the influence of intoxicating beverage. Defendant was first observed by a Salisbury police officer shortly after 6:00 p.m. inside the Circle Food Store. He appeared to the officer to be under the influence of an intoxicating beverage. The police officer advised the defendant of his *Miranda* rights, using the standard form, by reading the document in its entirety. The officer then asked the defendant if he understood his rights, and defendant answered "yes." The defendant then examined the waiver of rights form and signed it in the presence of the police officer and the store operator.

The officer further testified that the defendant appeared to understand his rights. The officer asked defendant questions, and defendant gave appropriate answers in response to the questions.

State v. Spencer

Defendant indicated to the officer he had been in an automobile accident at the intersection of two streets, indicating the location with a "V" sign made by his hand. The police officer and defendant went outside the store where the defendant was requested to perform some field sobriety tests. Defendant almost fell while attempting to walk "heel to toe"; and was caught by the officer who assisted defendant to the patrol car. The defendant struck his head when getting into the vehicle. Thereafter, the defendant remained in the car.

At the scene of the accident the officer asked the defendant if he had been driving, and the defendant stated he had been. The officer took the defendant to the police station where the defendant was given a breathalyzer test. The result was a blood alcohol level of .23%. Defendant was convicted of driving under the influence and appealed to this Court. Other facts appear in the opinion.

*Attorney General Edmisten, by Assistant Attorney General Donald W. Stephens, for the State.*

*Robert M. Davis for defendant appellant.*

HILL, Judge.

We hold that the court did not err in its findings that the defendant was properly advised of his rights and in allowing the answers to the officer's questions into evidence.

The defendant contends the court erred by allowing his statements to the police officer into evidence on two grounds: (1) that he was illegally arrested by the officer and any subsequent statement was a product of that illegal arrest; and (2) that he was so intoxicated that he was unable to understandingly, knowingly and voluntarily waive his *Miranda* rights.

[1] The police officer testified that he made the arrest at the store. The arrest was made without a warrant, and any driving by the defendant had occurred at a previous time and out of the presence of the arresting officer.

G.S. 15A-401(b)(2) provides: "An officer may arrest without a warrant any person who the officer has probable cause to believe: (b) Has committed a misdemeanor, and: (2) May cause physical in-

jury to himself or others, or damage to property unless immediately arrested."

This Court has addressed defendant's contention and upheld similar arrests by police officers in cases involving charges of driving under the influence which did not occur in the presence of the officer. *See In re Pinyatello*, 36 N.C. App. 542, 245 S.E. 2d 185 (1978). *Also see In re Gardner*, 39 N.C. App. 567, 251 S.E. 2d 723 (1979). Investigating officers have a responsibility to take reasonable precautions to protect the safety of persons and property lawfully on highways. In *Gardner, supra*, at p. 572, this Court stated that ". . . in view of the well known propensity of intoxicated persons to engage in irrational and erratic behavior . . . the officer . . . had reasonable cause to believe . . . the petitioner might cause physical injury to himself or others or damage to property unless immediately arrested." In *Pinyatello, supra*, at p. 545, Judge Clark noted that an arrest under this situation was warranted to prevent one who was intoxicated from operating his car and also for the purpose of ". . . protecting him from traffic hazards on a public street . . . ."

The arresting officer found the defendant in the Circle Food Store in the City of Salisbury. There was the odor of alcohol about defendant and on his breath; his face was red; his eyes watery; his speech mumbled; and defendant was swaying about in circles. The presence of the defendant in a public place together with his obvious physical condition were sufficient evidence to show probable cause under G.S. 15A-401(b)(2). Defendant's arrest was reasonable as well as in the best interest of both the defendant and the public. We find no constitutional problem with the arrest under the facts of this case.

[2] Next, the defendant contends the trial court erred in admitting the defendant's confession. At the conclusion of the voir dire, the court found that the defendant was properly advised of his rights; that he knowingly waived his rights; that he pointed to or that he told the officer of the wreck; described the location of where he had the wreck; and that his answers to the questions were free and voluntary, and not coerced by the officer. Defendant contends that he was under the influence to the extent that he could not understandingly and voluntarily make such a confession.

From the totality of the circumstances the trial judge properly found a free, voluntary and knowing waiver of rights consistent with the minimum requirements of *Miranda* as reiterated by the North Carolina Supreme Court recently in *State v. Connley*, 297 N.C. 584, 256 S.E. 2d 234 (1979). The fact that the defendant was intoxicated does not require the exclusion of this evidence.

In *State v. Atkinson*, 39 N.C. App. 575, 579, 251 S.E. 2d 677, 680 (1979), this Court indicated: "An admission by an intoxicated defendant is admissible unless the defendant is so intoxicated as to be unconscious of the meaning of his words." *See State v. McClure*, 280 N.C. 288, 185 S.E. 2d 693 (1972); *also see State v. Logner*, 266 N.C. 238, 145 S.E. 2d 867, *cert. denied*, 384 U.S. 1013, 16 L.Ed. 2d 1032, 86 S.Ct. 1983 (1966). "The trial court did not find that the defendant was unconscious of the meaning of his words. We therefore find no error in the trial court's conclusion that the defendant's statements were freely, understandingly and voluntarily made and were admissible in evidence." *Atkinson, supra*, at 579. This assignment of error is without merit.

[3] Neither do we conclude that the court erred by allowing into evidence questions asked by the breathalyzer operator and the defendant's answer. The breathalyzer operator, Officer Tucker, stated that he asked the defendant if he was operating the vehicle at the time the vehicle was involved in an accident. The defendant answered that he was. The defendant objected to the question and answer and moved to strike, but was overruled. The defendant contends the admission of the evidence operates to sustain the arrest and that the questioning does not leave the defendant with an impartial breathalyzer operator. G.S. 20-139.1(b) provides *inter alia* ". . . that in no case shall the arresting officer or officers administer said test." Defendant further argues that the breathalyzer operator failed to remind him of his *Miranda* rights. Such a reminder is not *required* since the test does not constitute evidence of a testimonial nature. *State v. Flannery*, 31 N.C. App. 617, 230 S.E. 2d 603 (1976).

The decisions of this Court make it clear that an officer cannot administer the breathalyzer test if he was at the scene of a crime and participated in the arrest. *State v. Stauffer*, 266 N.C. 358, 145 S.E. 2d 917 (1966). The breathalyzer operator was not the arresting officer and did not participate in the arrest. The ques-

tion asked by the breathalyzer operator dealt with whether or not the defendant was driving the vehicle. It had nothing to do with the defendant's level of intoxication which was the subject of that officer's impartial test. Furthermore, we note that no objection was taken by the defendant as to the admissibility of the breathalyzer test. The assignment of error is without merit and overruled.

[4]   At the time of the defendant's statement to the breathalyzer operator, Officer Tucker, both were in the presence of Officer Shuping, the arresting officer. Officer Shuping was preparing an Alcohol Influence Report Form. Shuping testified that he did not again read the *Miranda* warning, but advised the defendant that his *Miranda* rights still pertained before asking the defendant any questions. Although the defendant stated he did not remember his rights having been given him at the Circle Food Store, his signature on the form indicates he had heard and understood them. About an hour elapsed between the reading of the rights at the store and the questioning at the police station.

Former Chief Justice Sharp has addressed the question in *State v. McZorn*, 288 N.C. 417, 219 S.E. 2d 201 (1975), *modified as to death penalty* 428 U.S. 904 (1976), in which she said:

> The consensus is that although Miranda warnings, once given, are not to be accorded 'unlimited efficacy or perpetuity,' where no inordinate time elapses between the interrogations, the subject matter of the questioning remains the same, and there is no evidence that in the interval between the two interrogations anything occurred to dilute the first warning, repetition of the warnings is not required. (Citations omitted.)

The facts of the case before this Court are devoid of any compelling reason requiring that the defendant be fully re-advised of his *Miranda* rights in the breathalyzer room beyond what the arresting officer had already done.

Further, we conclude that the trial judge did not err in denying the defendant's motion to dismiss at the close of all the evidence.

[5]   Defendant concedes that he was under the influence at the scene of the accident and at the police department, but contends

there is no evidence as to when he was driving. The State's evidence, however, need not show exactly when the driving which caused the accident occurred so long as the circumstances are sufficient to warrant a reasonable inference to be drawn by the jury that at the time of the accident the defendant was intoxicated and was driving. Conviction of driving under the influence based on circumstantial evidence has been affirmed many times in North Carolina. *See State v. Newton*, 207 N.C. 323, 177 S.E. 184 (1934); *State v. Snead*, 35 N.C. App. 724, 242 S.E. 2d 530 (1978); *affirmed* 295 N.C. 615, 247 S.E. 2d 893 (1978); *State v. Griggs*, 27 N.C. App. 159, 218 S.E. 2d 200 (1975); *State v. Carter*, 15 N.C. App. 391, 190 S.E. 2d 241 (1972).

Here the defendant testified that he had been "nipping" all day. His breathalyzer test indicated a blood alcohol level of .23%. The fact that the test was given some time after the accident would indicate that he was less intoxicated than at the time of the accident. Defendant testified he had been driving. The State and defendant stipulated the car belonged to defendant's wife although the defendant told the officer it was his car at the time of the investigation, and that he had not seen the mail truck he ran into.

Taking the evidence in the light most favorable to the State on motion of nonsuit, we conclude there is sufficient evidence to be considered by the jury, and the motion should have been overruled.

Finally, we are not impressed with defendant's argument that the trial judge erred in its charge to the jury in summarizing the evidence and by failing to state any of the contentions of the parties.

When we review the charge as a whole, we find the court summarized the evidence, but did not state the contentions of either party to the litigation. There is no requirement that the judge state the contentions of the litigants to the jury. *Trust Co. v. Insurance Co.*, 204 N.C. 282, 167 S.E. 854 (1933); *State v. Kluckhorn*, 243 N.C. 306, 90 S.E. 2d 768 (1956).

The judge summarized the evidence presented by the State. The defendant offered no evidence, and none was summarized. Defendant contends that evidence was offered on cross-examina-

tion which should have been summarized. We have examined the evidence referred to by the defendant on cross-examination and do not find its omission to be prejudicial.

Further, our courts have often held that any error or omission in the statement of the evidence by the trial court in its jury charge must be brought to the attention of the court by the defendant at trial to avail himself of relief thereby upon appeal. *State v. Brower*, 289 N.C. 644, 661, 224 S.E. 2d 551 (1976). Also, objections to statements of contentions should be brought to the trial court's attention; otherwise, they are waived. *State v. Sanders*, 288 N.C. 285, 299, 218 S.E. 2d 352 (1975); *cert. denied* 423 U.S. 1091. This assignment of error is without merit.

For the reasons stated above, in trial of the case below we find

No error.

Judges MARTIN (Robert M.) and WEBB concur.