STATE OF NORTH CAROLINA v. BRAD LEE CRAWFORD

No. COA95-1359

(Filed 4 February 1997)

**Automobiles and Other Vehicles § 834 (NCI4th)— DWI out of officer's presence—authority to arrest without warrant**

A deputy sheriff had probable cause to believe (1) that defendant had committed the misdemeanor offense of driving while impaired outside his presence and (2) that defendant might cause injury to himself or others if not immediately arrested, and the deputy thus had authority to arrest defendant without a warrant pursuant to N.C.G.S. § 15A-401(b)(2), where the deputy found defendant alone in a car parked on the shoulder of a rural side road around 3:30 a.m.; defendant was in the driver's seat, his pants were undone, and he had been drooling; defendant had a strong odor of alcohol about him, had difficulty speaking, and admitted he had been drinking; the hood of the car was warm although the outside temperature was 26 degrees; a box of tapes and a car cover occupied the passenger seats; defendant had possession of the ignition key; the officer was alone at the scene; there was no evidence that defendant's car was inoperable; and defendant attempted to put the key in the ignition in order to drive away from the scene. Therefore, the trial court erred in suppressing evidence seized after defendant's arrest.

**Am Jur 2d, Arrest §§ 64, 66, 67; Automobiles and Highway Traffic §§ 304-308.**

**What amounts to violation of drunken-driving statute in officer's "presence" or "view" so as to permit warrantless arrest. 74 ALR3d 1138.**

**What constitutes driving, operating, or being in control of motor vehicle for purposes of driving while intoxicated statute or ordinance. 93 ALR3d 7.**

Appeal by the State from order filed 21 November 1995 by Judge W. Steven Allen, Sr. in Guilford County Superior Court. Heard in the Court of Appeals 22 August 1996.

Defendant Brad Lee Crawford was arrested on 24 November 1994 and charged with driving while impaired, resisting, obstructing, and

delaying a law enforcement officer, and simple possession of mari-juana. After a trial, defendant was found guilty of all three charges in Guilford County District Court. Defendant appealed to Superior Court, and on 23 August 1995 filed a motion to suppress.

The trial court held a hearing on defendant's motion 13 September 1995. The uncontroverted evidence presented at the hearing showed the following. At approximately 3:24 a.m. on 24 November 1994, a deputy of the Guilford County Sheriff's Department received a call from the dispatcher to check on a suspicious vehicle sitting on the side of the road in a rural area of Guilford County. Approximately ten to fifteen minutes later, the deputy arrived at the indicated area and observed a black Nissan 300ZX parked on the side of the road with the engine off. The driver's door was open and defendant was sitting in the driver's seat with one leg hanging out of the car. The deputy described defendant as being in a semiconscious state. Defendant's knee and shirt were wet from drool and his pants were undone. There was no one else in the car.

The deputy became concerned that the defendant might be sick and asked defendant if he was all right. Defendant was initially unresponsive and appeared to have trouble speaking. The deputy began looking for a medical alert bracelet and considered calling for an ambulance. However, as he looked for the medical alert bracelet, the deputy detected a strong odor of alcohol on defendant's breath. He then felt the hood of defendant's car and, although it was 26 degrees outside, the hood was warm to the touch. The deputy observed a cardboard box of audio tapes sitting in the front seat and a yellow nylon car cover in the back seat, but saw no beer or liquor bottles or cans in the vehicle.

The deputy asked defendant if he was alright numerous times before getting a response. When defendant finally spoke, the deputy detected a slight slur in his speech. The deputy asked defendant if he had been drinking, to which defendant responded "yes." When asked how much he had to drink, defendant replied "some." The deputy then asked defendant several times to step out of the car. Defendant failed to respond to the deputy's first request to get out of the car and answered "no" when the deputy asked him the second time. The third time he was asked, defendant replied "I'm not going anywhere with you." Defendant then started to put a key, which he was holding in his right hand, into the ignition. Before defendant could insert the key in the ignition, the deputy removed defendant from the car, handcuffed

STATE v. CRAWFORD

[125 N.C. App. 279 (1997)]

him, and told him he was under arrest for driving while impaired. During his search of the car, the deputy found a small bag of what appeared to be marijuana.

After the motion hearing, the trial court ruled there was insufficient evidence to arrest defendant and allowed defendant's motion to suppress in an order filed 21 November 1995. From this order, the State appeals.

*Attorney General Michael F. Easley, by Assistant Attorney General Joseph P. Dugdale, for the State.*

*Mark B. Campbell for defendant-appellee.*

McGEE, Judge.

On appeal, the State argues the deputy had probable cause to arrest the defendant and that exigent circumstances justified defendant's warrantless arrest. We agree and reverse the order of the trial court.

To be guilty of driving while impaired, a person must drive a vehicle upon a highway, street, or public vehicular area within this State while under the influence of an impairing substance or after having consumed sufficient alcohol to have a blood alcohol concentration of .08 or more at any relevant time after driving. N.C. Gen. Stat. § 20-138.1(a) (1993). The determinative question in this case is whether, under the facts and circumstances, the deputy had probable cause to arrest defendant for driving while impaired. We hold that he did.

To be constitutionally valid, an arrest must be based upon probable cause. *State v. Eubanks*, 283 N.C. 556, 559, 196 S.E.2d 706, 708 (1973).

"Probable cause for an arrest has been defined to be a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty. . . . To establish probable cause the evidence need not amount to proof of guilt, or even to prima facie evidence of guilt, but it must be such as would actuate a reasonable man acting in good faith. . . ." "The existence of 'probable cause,' justifying an arrest without a warrant is determined by factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. It is a pragmatic

question to be determined in each case in the light of the particular circumstances and the particular offense involved."

*State v. Harris*, 279 N.C. 307, 311, 182 S.E.2d 364 (1971) (quoting 5 Am. Jur. 2d *Arrests* §§ 44 & 48 (1962)). Therefore, the degree of certainty necessary for probable cause is a "fair probability," an amount of proof greater than "reasonable suspicion" but less than "preponderance of the evidence," "clear and convincing," or "beyond a reasonable doubt." *See, e.g., Texas v. Brown*, 460 U.S. 730, 742, 75 L. Ed. 2d 502, 514 (1983) (probable cause does not deal with hard certainties, but with probabilities); *Illinois v. Gates*, 462 U.S. 213, 235, 76 L. Ed. 2d 527, 546 (1983) (probable cause requires only the probability of criminal activity, not a *prima facie* showing); *State v. Zuniga*, 312 N.C. 251, 262, 322 S.E.2d 140, 146 (1984) (probable cause "does not demand any showing that such a belief be correct or more likely true than false. A practical, nontechnical probability is all that is required."). "In order to justify an officer in making an arrest without a warrant, it is not essential that the offense be shown to have been actually committed. It is only necessary that the officer have reasonable ground to believe such offense has been committed." *State v. Jeffries*, 17 N.C. App. 195, 198, 193 S.E.2d 388, 391 (1972), *cert. denied*, 282 N.C. 673, 194 S.E.2d 153 (1973).

In this case, the deputy found defendant alone in a car parked on the shoulder of a rural side road. Defendant was in the driver's seat in a semiconscious state, his pants were undone, and he had been drooling. Defendant had a strong odor of alcohol about him, had difficulty speaking, and admitted to the deputy he had been drinking. However, there was no evidence of alcohol in the car. On a night when the temperature was 26 degrees, the hood felt warm, indicating the car had been recently driven. There were no other passengers in the car and the deputy observed a box of tapes and a car cover occupying the passenger seats. Defendant had possession and control of the ignition key. We do not, nor do we need to, reach the issue of whether there was sufficient evidence that the defendant "drove" the vehicle as defined by N.C. Gen. Stat. § 20-4.01(7) & (25). In light of the particular circumstances and the offense involved, the facts are sufficient to warrant a reasonable and prudent person, acting in good faith, to have a reasonable ground to believe the defendant had committed the misdemeanor offense of driving while impaired, or that there was a fair probability the defendant had committed the offense. Therefore, the deputy had probable cause to arrest defendant.

STATE v. CRAWFORD

[125 N.C. App. 279 (1997)]

We also hold the deputy had authority to arrest defendant without a warrant. Under N.C. Gen. Stat. § 15A-401(b)(2) (1996 Cumm. Supp.), an officer may make an arrest without a warrant for an offense committed out of the officer's presence where the officer has probable cause to believe the person committed a misdemeanor and may cause physical injury to themselves or others, or damage to property unless immediately arrested. This Court has held that where an officer is alone at the scene and there is no evidence the intoxicated driver's car is inoperable, the officer has probable cause to believe the driver may cause injury to himself or others. *In re Pinyatello*, 36 N.C. App. 542, 545, 245 S.E.2d 185, 187 (1978). This is so because, if the officer left the scene to obtain a warrant, there would be no one to prevent the driver from operating his car or to protect the driver from traffic hazards on a public street. *Id.* Because of "the well known propensity of intoxicated persons to engage in irrational and erratic behavior," an officer has probable cause to believe a drunk driver will return to his vehicle, drive upon the highway, and possibly cause physical injury to himself or others unless immediately arrested. *In re Gardner*, 39 N.C. App. 567, 572, 251 S.E.2d 723, 726 (1979). This is especially so when, as in this case, the intoxicated person makes an attempt to drive away from the scene.

Because we hold the deputy had probable cause to believe defendant had committed the offense of driving while impaired and would present a danger to himself and others if not immediately arrested, the order of the trial court granting defendant's motion to suppress evidence obtained after defendant's arrest is reversed.

Reversed.

Judges EAGLES and WALKER concur.