TIMMONS-GOODSON, Judge.
Defendant appeals pursuant to N.C. Gen. Stat. § 15A-979(b)(2003) from an order denying a motion to suppress. He was charged by citation with driving while impaired. From a conviction of the charge in district court, he appealed to superior court. After the court denied the motion to suppress, defendant pled guilty to the offense. The court imposed an active sentence of 120 days. The court suspended the sentence and placed defendant on probation. The plea agreement reflects that he reserved his right of appeal.
At issue is whether the arresting officer had probable cause to arrest defendant. The court's findings of fact show thefollowing: On 28 October 2000, Officer William W. Eubank of the Charlotte-Mecklenburg Police Department observed a vehicle headed southbound on Providence Road in Charlotte at a higher rate of speed than other traffic headed in that direction. The posted speed limit in that area of Providence Road is 35 miles per hour. Estimating that the speed of the vehicle was 53 miles per hour, Officer Eubank decided to stop the vehicle. As Officer Eubank approached the vehicle, he observed that it was occupied by two persons. Defendant was seated in the driver's seat. Officer Eubank asked to see defendant's driver's license and vehicle registration. Officer Eubank observed that defendant had difficulty retrieving his license. He also smelled a strong odor of alcohol emanating from the vehicle. Noticing that defendant's eyes were glassy and his movements were slow and deliberate, Officer Eubank asked defendant to step outside of the vehicle. When defendant complied with this request, Officer Eubank observed that defendant was unsteady on his feet and was leaning against the vehicle for support. Officer Eubank also smelled an odor of alcohol on defendant's person. Defendant stated that he had been drinking beer at the Carolina Panthers professional football game. Officer Eubank formed the opinion that defendant had consumed a sufficient quantity of an impairing substance which had impaired his mental and physical faculties. He arrested defendant and charged him with driving while impaired.
Based upon these findings of fact, the court concluded that Officer Eubank had reasonable suspicion to stop the vehicle andprobable cause to arrest defendant for driving while impaired in violation of N.C. Gen. Stat. § 20-138.1(2003).
Findings of fact made by a trial judge in ruling upon a motion to suppress are binding upon the appellate court if they are supported by competent evidence. State v. Brewington, 352 N.C. 489, 498, 532 S.E.2d 496, 501 (2000), cert. denied, 531 U.S. 1165, 148 S.E.2d 992 (2001). Whether these facts establish probable cause is a question of law fully reviewable on appeal. In re Gardner, 39 N.C. App. 567, 571, 251 S.E.2d 723, 726 (1979). An officer has probable cause to arrest a person if he has "'a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty[.]'" State v. Zuniga, 312 N.C. 251, 259, 322 S.E.2d 140, 145 (1984) quoting State v. Shore, 285 N.C. 328, 335, 204 S.E.2d 682, 686 (1974). This determination is based on "the practical and factual considerations of everyday life on which reasonable and prudent people act." State v. Thomas, 127 N.C. App. 431, 433, 492 S.E.2d 41, 42 (1997). It is not necessary that the offense be shown to actually have been committed, only that the officer had reasonable ground to believe that the offense has been committed. State v. Crawford, 125 N.C. App. 279, 282, 480 S.E.2d 422, 424 (1997).
The facts in the present case show that Officer Eubank observed defendant operating a motor vehicle at a rate of speed in excess of the posted speed limit and in excess of the speed of other vehicles. Defendant had the strong odor of alcohol on hisperson and glassy eyes. Defendant experienced difficulty walking and difficulty standing without supporting himself against his vehicle. Defendant also experienced difficulty in retrieving his driver's license from his wallet. Defendant admitted that he had recently consumed beer, an alcoholic beverage, at the Carolina Panthers football game. Taken as a whole, these facts provide a basis for an officer to form a reasonable belief that defendant was guilty of driving while impaired. See, e.g., State v. Tappe, 139 N.C. App. 33, 38, 533 S.E.2d 262, 265 (2000) (probable cause to arrest for driving while impaired based upon observation of defendant's reckless driving, glassy eyes, and strong odor of alcohol); State v. Rogers, 124 N.C. App. 364, 369-70, 477 S.E.2d 221, 224 (1996), disc. review denied, 345 N.C. 352, 483 S.E.2d 187 (1997) (probable cause to arrest for driving while impaired based upon observations of defendant and odor of alcohol about the defendant's person).
We affirm the order denying the motion to suppress.
Affirmed.
Judges CALABRIA and ELMORE concur.
Report per Rule 30(e).